**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                     Case No. 4:89cr4006-WS
                                                        Case No. 4:05cv186-WS/WCS
**TYRONE SMITH,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON MOTION TO VOID SENTENCE

Defendant filed a motion titled "Motion to Void Illegal Part of Sentence for Lack of Jurisdiction and Terminate Detention of A Person in Federal Custody Pursuant to Writ of [Habeas] Corpus 28 U.S.C. § 2241," and a motion to supplement the petition. Docs. 754-755.

Defendant's argument is that his sentence was based on findings by the court at sentencing as to drug weight, role enhancement, and obstruction of justice, in violation of United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 476, 490, 120 S.Ct. 2348, 2355, 2362-63, 147 L.Ed.2d 435 (2000). Doc. 754, pp. 2-30 (other citations omitted). See also, Ring v.

Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

Defendant was previously denied 28 U.S.C. § 2255 relief, reconsideration was denied, and the denial of relief was affirmed on appeal.  Docs. 593, 603, and 661.

Defendant then filed a motion for relief from judgment and for leave to amend pleadings, seeking relief under Apprendi.  Doc. 717.  The court summarily denied the motion, finding that Defendant's only potential avenue for relief was pursuant to § 2255, and authorization for filing a second or successive § 2255 motion had not been granted by the court of appeals.  Docs. 718 and 721.  Leave to appeal in forma pauperis was denied and a certificate of appealability denied.  Doc. 727.

In an apparent attempt to avoid another dismissal under the successive motion provisions of § 2255, Defendant now seeks relief under § 2241, asserting that a jurisdictional defect cannot be defaulted, and the court has inherent power to void an illegal sentence.  He asserts that the petition should not be construed as a 28 U.S.C. § 2255 motion.

Defendant is "in custody" under a federal sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and therefore "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  § 2255.  His claim for relief under Booker and other cases falls under the plain language of § 2255.

Under the "savings clause" of § 2255, a prisoner otherwise entitled to proceed under § 2255 may seek relief by habeas corpus only if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." § 2255.  In his motion to supplement, Defendant argues that the § 2255 remedy is inadequate or ineffective "when it is so configured so as to deny a defendant <u>any opportunity</u> for judicial rectification of a fundamental defect in his conviction."  Doc. 755, p. 2.  He asserts that sentencing above the maximum authorized by the guidelines, based on matters not charged or found by the jury beyond a reasonable doubt, constitutes a fundamental defect.  *Id.*  He asserts that a jurisdictional error cannot be defaulted, and he could not have raised <u>Blakely</u> or <u>Booker</u> arguments in his first § 2255 motion, as such arguments were contrary to circuit precedent.  *Id.*, pp. 3-4.  Defendant contends that to deny review of his claim would unconstitutionally suspend the writ of habeas corpus.  *Id.*, p. 4.

Defendant has not shown entitlement to proceed under the savings clause.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

<u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).

Assuming that a Booker claim could proceed under the savings clause,[1] Defendant has not satisfied the first two elements of Wofford. He has not shown that Booker, Blakely, or Apprendi apply retroactively. Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (Blakely and Booker do not apply retroactively on collateral review even when raised in initial § 2255 motion); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002) (Apprendi does not apply retroactively).[2]  *See also* Wesson v. United States Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002), *cert. denied*, 537 U.S. 1241 (2003) (petitioner could not raise Apprendi claim under the savings clause; all the circuits had found it did not apply retroactively on collateral review, and that analysis "applies even more strongly" under § 2241) (collecting cases).

Further, Defendant has not shown that he was convicted of a nonexistent offense. "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Darby v. Hawk-Sawyer, 405 F.3d 942,

---

[1] This district has found that Wofford did not necessarily resolve whether an Apprendi claim could proceed under the savings clause. Bridges v. Vasquez, 151 F.Supp.2d 1353, 1360-62 (N.D. Fla. 2001) (noting that Wofford involved sentencing claims, and was decided at a time when there were "literally hundreds of claims" pending under Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), a case of statutory interpretation). Section 2255 allows for the filing of a successive motion where the Supreme Court announces a new rule of constitutional – but not statutory – law. *Id.*, at 1362. The court therefore found that the specific language of § 2255, "address[ing] the precise issue of the circumstances under which collateral relief is available to a federal defendant based on a new rule of constitutional law," should "trump" the general savings clause language. *Id.* (citation and footnote omitted).

[2] *See also* Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005) (agreeing with the Sixth, Seventh, Tenth, and Eleventh Circuits that Booker is not retroactive) (citing Varela, other citations omitted); Lloyd v. United States, 407 F.3d 608, 615-616 (3d Cir. 2005) (joining the other circuits, collecting cases).

945 (11th Cir. 2005), *citing* Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003) (both applying Wofford).[3]  Conspiracy to possess with intent to distribute cocaine base is a federal offense, whether or not drug weight or other sentencing factors are charged or proven.  McCoy, 266 F.3d at 1253 (a § § 841 or 846 indictment charging conspiracy or possession with intent to distribute cocaine base charged complete federal offense even absent specification of drug amount).  *See also*, Wesson, 305 F.3d at 348 (Apprendi claim could not proceed under the savings clause as petitioner "fails to show that he was convicted of a nonexistent offense as *Apprendi* has no effect on whether the facts of his case would support his conviction for the substantive offense.  *Apprendi* implicates only the validity of the sentence.") (citation omitted).

As this claim cannot proceed under the savings clause, Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion raising a Booker claim.  § 2255 (requiring that "[a] second or successive motion must be certified as provided in section 2244" to contain newly discovered evidence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").  Authorization for filing such a claim has been denied in this circuit.  In re Anderson, 396 F.3d 1336, at 1339 (11th Cir. 2005) (denying leave to file successive motion as the Supreme Court has not made Booker or

---

[3] In Sawyer, a subsequent Supreme Court case had clarified the standard by which a jury must find a defendant guilty of engaging in a continuing criminal enterprise (CCE), but did not invalidate CCE offenses or change the conduct necessary for a CCE offense.  326 F.3d at 1366.  "As such, Sawyer was not convicted of a nonexistent offense."  *Id.*  In Darby, the claim of a Jamaican citizen, that he was not given the opportunity to contact the Jamaican consulate after his arrest, in violation of the Vienna Convention on Consular Relations, did not show that he was imprisoned for conduct not prohibited.  405 F.3d at 945.

Case Nos. 4:89cr4006-WS and 4:05cv186-WS/WCS

<u>Blakely</u> retroactive on collateral review).  *See also* <u>Varela</u> and <u>McCoy</u> (cited *supra*, holding that <u>Booker</u>, <u>Blakely</u>, and <u>Apprendi</u> do not apply retroactively to an initial § 2255 motion).

It is therefore respectfully **RECOMMENDED** that "Motion to Void Illegal Part of Sentence," as supplemented (docs. 754 and 755), be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:89cr4006-WS and 4:05cv186-WS/WCS